**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5724-17T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

JALONN LASSITER,

      Defendant-Appellant.

_____

           Submitted January 22, 2020 – Decided  February 14, 2020

           Before Judges Hoffman and Firko.

           On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment Nos. 02-10-1333, 04-02-0159, 04-02-0168, 04-05-0717 and Accusation No. 04-07-0187.

           Joseph E. Krakora, Public Defender, attorney for appellant (Phuong Vinh Dao, Designated Counsel, on the brief).

           Christopher L.C. Kuberiet, Acting Middlesex County Prosecutor, attorney for respondent (Nancy Anne Hulett, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jalonn Lassiter appeals from the April 11, 2018 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I

Between 2002 to 2004, defendant was charged in Middlesex County under four separate indictments for crimes related to theft and robbery. On October 31, 2002, a Middlesex County Grand Jury indicted defendant on three counts of first-degree armed robbery, N.J.S.A. 2C:15-1; second-degree possession of a weapon, N.J.S.A. 2C:39-4(d); third-degree unlawful possession of an assault firearm, N.J.S.A. 2C:39-5(f); and fourth-degree unlawful possession of a large capacity ammunition magazine, N.J.S.A. 2C:39-3(j).

On February 4, 2004, a Middlesex County Grand Jury indicted defendant for second-degree conspiracy to commit second-degree burglary, N.J.S.A. 2C:5-2, 2C:18-2; second-degree burglary, N.J.S.A. 2C:18-2; second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a); third-degree unlawful possession of a handgun without a permit, N.J.S.A. 2C:58-4, 2C:39-5(b); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7); second-degree possession of a weapon (knife), with unlawful purpose, N.J.S.A. 2C:39-

4(d); fourth-degree unlawful possession of a weapon (knife) under circumstances not manifestly appropriate for lawful use, N.J.S.A. 2C:39-5(d).

On February 4, 2004, a Middlesex County Grand Jury indicted defendant under a separate indictment for second-degree possession of a handgun for unlawful purposes, N.J.S.A. 2C:39-4(a); two counts of first-degree armed robbery, N.J.S.A. 2C:15-1; third-degree unlawful possession of a handgun without a permit, N.J.S.A. 2C:39-5(b); fourth-degree theft, N.J.S.A. 2C:20-3; and third-degree conspiracy to commit first-degree robbery, N.J.S.A. 2C:5-2, 2C:15-1.

On May 19, 2004, a Middlesex County Grand Jury indicted defendant for third-degree conspiracy to commit first-degree armed robbery, N.J.S.A. 2C:5-2, 2C:15-1; first-degree armed robbery, N.J.S.A. 2C:15-1; second-degree robbery, N.J.S.A. 2C:15-1; second-degree possession of a weapon (shotgun) for unlawful purposes, N.J.S.A. 2C:39-4(a); third-degree unlawful possession of a shotgun without an FPIC[1], N.J.S.A. 2C:39-5(c)(1); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); and third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2).

---

[1] Firearm Purchaser Identification Card

On July 7, 2004, defendant waived his right to indictment and was charged in Accusation No. 04-07-0187 with third-degree theft, N.J.S.A. 2C:20-3(a); first-degree robbery, N.J.S.A. 2C:15-1; and first-degree kidnapping, N.J.S.A. 2C:13-1(b)(1). That same day, defendant entered into a plea agreement covering the four indictments and the accusation.

At the plea hearing, after defendant provided a factual basis for the relevant charges, the trial judge reviewed the agreement and confirmed defendant understood the nature and consequences of his plea. In particular, the judge explained that although the plea dismissed defendant's remaining Middlesex County charges,

> the one exception to that . . . is that you are charged with certain crimes in other counties, and particularly in Union County, and this plea agreement that you've reached with the prosecutor of Middlesex County has no influence and is not in any way related to the charges pending against you in other counties.
> . . . .
> You will have to face those charges and deal with those charges independent of any agreement that you've reached in this county.

Defendant acknowledged he understood the parameters of the plea agreement and expressed his satisfaction with plea counsel.

In October 2004, before the trial judge sentenced defendant in accordance with the plea agreement, a Union County Grand Jury indicted defendant and co-

defendants on unrelated charges for first-degree robbery, N.J.S.A. 2C:15-1; first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); and second-degree kidnapping, N.J.S.A. 2C:13-1(b); in addition, the grand jury indicted defendant individually on a charge of first-degree murder, N.J.S.A. 2C:11-2(a)(1) and/or (2).

On October 22, 2004, the trial judge sentenced defendant pursuant to the plea agreement entered in Middlesex County, he received a twenty-year prison term, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

Two years later, defendant went to trial on the charges out of Union County, which alleged he shot and killed the victim during a drug transaction. On October 6, 2006, a jury found defendant guilty of first-degree robbery, first-degree felony murder and first-degree aggravated manslaughter. The State moved to sentence defendant to an extended term under the Three Strikes Law. After merging the robbery and manslaughter charges with the felony murder charge, the trial court sentenced defendant to life without parole, to run concurrently with his Middlesex County sentence.

On February 13, 2017, defendant filed the PCR petition under review, alleging he received ineffective assistance because his plea counsel knew of the pending charges in Union County but failed to inform him that his guilty plea to

the Middlesex County charges could be used to enhance the subsequent sentence.

On April 6, 2018, the PCR judge heard oral argument on defendant's petition and then delivered an oral opinion setting forth his reasons for denying PCR. The judge concluded defendant failed to present the requisite prima facie case for ineffective assistance of counsel necessary to substantiate his claim for PCR, finding the claim "too vague and speculative." Citing State v. Wilkerson, 321 N.J. Super. 219, 222 (App. Div. 1989), the PCR judge noted a trial court is not required to advise a defendant that his or her plea could be used to enhance future sentences. Alternatively, the PCR judge found defendant's petition time-barred, pursuant to Rule 3:22-12(a)(1), which sets a five-year time limitation after entry of a judgment of conviction (JOC) to file a PCR petition, absent a showing of excusable neglect. Defendant provided no explanation as to why he filed his petition more than ten years following the Union County JOC.

This appeal followed, with defendant raising the following points of argument:

POINT I

> IN THE INTEREST OF JUSTICE, [DEFENDANT'S] PCR CLAIM IS NOT TIME BARRED UNDER R[ule] 3:22-12.

POINT II

> AS DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, HE IS ENTITLED TO POST-CONVICTION RELIEF, INCLUDING AN EVIDENTIARY HEARING.

>> (a) Trial counsel failed to advise Defendant that the guilty plea in Middlesex County would be used to enhance his sentencing for charges in Union County.

## II

"A petitioner must establish the right to [post-conviction] relief by a preponderance of the credible evidence." State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the petitioner must set forth specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

A defendant must prove two elements to establish a PCR claim that trial counsel was constitutionally ineffective: first, that "counsel's performance was deficient," that is, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[;]" second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984); accord State v.

Fritz, 105 N.J. 42, 58 (1987). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Harris, 181 N.J. 391, 432 (2004) (quoting Strickland, 466 U.S. at 694).

To prove the first element, a defendant must "overcome a strong presumption that counsel exercised reasonable professional judgment and sound trial strategy in fulfilling his responsibilities." State v. Nash, 212 N.J. 518, 542 (2013) (internal quotation marks omitted) (quoting State v. Hess, 207 N.J. 123, 147 (2011)). To prove the second element, a defendant must demonstrate "how specific errors of counsel undermined the reliability of the finding of guilt." United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

Defendant repeats his earlier contentions, claiming plea counsel rendered ineffective assistance by failing to advise him that his guilty plea subjected him to enhanced future penalties. We disagree, finding defendant's argument lacks substantive merit.

Defendant failed to present evidence of plea counsel's deficient performance. In July 2004, defendant knew he had pending charges in Union County. The 2004 plea form stated the recommended sentence involved "only Middlesex County matters." The plea colloquy confirmed this fact and defendant acknowledged it. Defendant's current assertion that plea counsel

failed to properly advise him fails to satisfy <u>Strickland</u>'s deficient performance prong.

We also agree with the PCR judge's alternative determination that defendant's petition was time-barred. <u>R.</u> 3:22-12(a)(1). Defendant failed to provide an explanation for his lengthy delay in filing the petition. Furthermore, since defendant did not present a prima facie case on his PCR petition, the interests of justice do not require a relaxation of the procedural bar.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION